Mr. Justice MacArthur
delivered the opinion of the court:
The objection to the deed from George Peter to Jared Elliot raises the question whether an executor, authorized by *407 the will to sell land belonging to the estate of his testator, can execute a valid deed of conveyance without reciting the authority by which he is directed to sell for the payment of debts and the maintenance and education of children. The other question growing out of that deed is, whether, upon the death of all the executors but one, he can sell without reciting his survivorship on the face of the instrument.
The will of David Peter, before us in this record, was also before the Supreme Court of the United States in Peter vs Beverly, 10 Pet., 532, and it was there decided that, although the will of the testator did not designate who should sell the land, the power to make the sale was given to the executors by implication, and as the testator had directed certain property to be sold for the purpose of paying his debts, and the education of his children, a power coupled with an interest was thereby created, and such power devolved upon the executors and the survivor of them for its proper execution.
In the Bank of the United States vs. Beverly, 1 How., 134, the construction of this will was again settled as in the former case, that the power to sell survived, and that the surviving executor was the proper person to fulfill that trust. So far, then, as relates to the right of the surviving executor to execute a sale of the property the point is determined, and the only controversy now is whether the power given by the will to sell need be referred to in the conveyance by which it is executed.
Mr. Chancellor Kent states the law as follows:
“ The power may be executed without reciting it or even referring to it, provided the act shows that the donee had in view the subject of the power.” 4 Kent Com., 334. In Crane vs. Lessee of Morris, 6 Pet., 620, Mr. Justice Story remarks: “Surely it will not be pretended that, in order to a due execution of a power, it is necessary that it should be recited or referred to in the executing instrument of conveyance. It is sufficient that the power exists, and is intended to be executed, and that intent is matter in pais, to be collected from all the circumstances of the case.” And the same principle had been previously decided in Carver vs. Jackson, 4 Pet., 98, where the court hold that it is not necessary to recite a power to sell in a deed of conveyance from the donee of the power. *408 It may, therefore, be considered as a principle settled by the decisions of the Supreme Court, that a power to sell real estate may be executed without reciting it, provided that the intent to execute the power is shown by the circumstances of the case. This agrees with the decisions collected in Sugden’s Treatise on Powers, vol. 1, section 8, commencing at page 412. The principle also receives a very full discussion in 2 Story Eq. Jur., section 1062, note 3, where it is stated “ that all the authorities agree that it is not necessary that the intention to execute the powers should appear by express terms or recitals in the instrument. It is sufficient that it shall appear by words, acts, or deéds demonstrating the intention.” The only question, then, in the case at bar, is, did the executor intend to execute the power in the conveyance he made to Elliot 1 That such was -his intention was not contested at the trial. The land conveyed belonged to the estate of the testator; the Supreme Court had twice decided that he was the proper party to make the sale, and his deed can only have effect by treating it as an execution of the power. These facts would be sufficient, unless overcome by rebutting or explanatory evidence, to show that the sale "was made in the exercise of the authority conferred upon the executor, and was therefore valid to pass the title to Elliot.
Against this view as to executing a power without reciting it, we are referred to the opinion of the court in French vs. Edwards, 13 Wall., 515, in which the following language occurs:
“ Every deed executed under a power must refer to the power. As an independent instrument of the holder of the power, it would not convey the interest intended.”
This observation was made in a case in which neither of the decisions mentioned were referred to in the briefs of counsel or by the court, and we are not at liberty to infer that they intended to overrule former adjudications without citing them, and to disregard the whole current of authorities upon the subject. Moreover, that case had reference to the recitals in a deed of a sheriff upon the sale of property by virtue of a judgment and execution, and it is perfectly well settled that in such a deed it is essential that the execution should be referred to with reasonable certainty. The sheriff has no interest *409 in the property, and is clothed with no trust for his own benefit or that of others. He has only an authority given by law to perforin an official act, and he must therefore refer to his warrant in order to show his right to sell land in which he has no estate. On the contrary, it has been decided and affirmed in reference to this will, that the executors took a power coupled with an interest, and where this is the case, we have seen that no actual reference to the power is necessary, where there is evidence of an intention to execute it. We are of opinion that the deed to Elliot may be justly considered as a valid execution of the power to sell.
In the next place, the jury were instructed that if they believed from the evidence that the co-executors of George Peter were dead at the time of the execution of the deed to Elliot, the plaintiff had then shown a legal chain of title, and they must find for him. We think the charge in this respect was correct. The deed is not in an approved form, but we do not think for that reason it conveyed no interest. By the omission of the usual recitals, the party claiming under 'it must produce evidence that it was executed in pursuance of the power, and that the grantor was the surviving executor under the will. The jury having passed upon these facts, the verdict is conclusive.
We think the tax-deed offered by the defendant was properly excluded on the ground held at the circuit, that the omission of the dollar-mark in the publication of notice of sale was such an irregularity as to render the proceeding void. Wood vs. Freeman, 1 Wall., 398.